IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

WILLIE L. BOONE,                              )
                                             )
            Plaintiff,                        )        No.  09 CV 7080
      v.                                      )
                                             )        Judge Robert W. Gettleman
MICHAEL J. ASTRUE, Commissioner               )
of Social Security,                           )
                                             )
            Defendant.                        )

## MEMORANDUM OPINION AND ORDER

Plaintiff Willie Boone filed a complaint requesting the court to reverse a final decision of

the Commissioner of Social Security, who found that plaintiff was not entitled to supplemental

security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1382c.  The

parties have filed cross-motions for summary judgment.  For the following reasons, the court

denies plaintiff's summary judgment motion and grants defendant's, and the decision denying

SSI benefits is affirmed.

## PROCEDURAL HISTORY

Plaintiff applied for SSI in November 2006, alleging that he had been disabled since

January 1, 2001, due to back problems, blackouts, headaches, stomach problems, and hearing

loss in his left ear.  His application was denied initially, and on reconsideration, prompting him

to request a hearing before an ALJ.  On November 18, 2008, Administrative Law Judge ("ALJ")

Denise McDuffie Martin held a hearing at which plaintiff testified, along with a medical expert,

and a vocational expert.

The ALJ issued an opinion on February 27, 2009, denying plaintiff's application. The ALJ determined that plaintiff was not disabled because he could perform a number of jobs in the national economy. The Appeals Council denied review, making the ALJ's decision the final decision of the Social Security Commissioner. Plaintiff appealed to this court.

## DISCUSSION

### I.  Legal Standards

This court must uphold the final decision of the Commissioner so long as his factual findings are supported by substantial evidence and no error of law occurred. Schoenfeld v. Apfel, 237 F.3d 788, 792 (7th Cir. 2001), citing Cannon v. Apfel, 213 F.3d 970, 974 (7th Cir. 2000); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Diaz v. Carter, 55 F.3d 300, 305 (7th Cir. 1995) (internal quotations and citations omitted), and a "mere scintilla" of evidence is not enough. Id. "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." Briscoe ex rel. Taylor v. Barnhart, 425 F.3d 345, 351 (7th Cir. 2005), citing Herron v. Shalala, 19 F.3d 329, 333-34 (7th Cir. 1994). The court does not substitute its own judgment for the Commissioner's by "reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." Williams v. Apfel, 179 F.3d 1066, 1071-72 (7th Cir. 1999).

To determine whether an individual is entitled to SSI, the ALJ must engage in a sequential five-step process, considering whether: (1) the claimant is currently employed; (2) the

claimant has a severe impairment or combination of impairments; (3) the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) the claimant's residual functional capacity leaves him unable to perform his past relevant work; and (5) the claimant is unable to perform any other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(f); White v. Barnhart, 415 F.3d 654, 657 (7th Cir. 2005). A finding of disability requires an affirmative answer at either step three or five. The claimant bears the burden of proof for the first four steps, and at step five the burden shifts to the Commissioner. See Young v. Barnhart, 362 F.3d 995, 1000 (7th Cir. 2004).

## II.    Analysis

Plaintiff contends that the ALJ's decision was not legally sufficient because she failed to perform the proper analysis in evaluating whether: (1) plaintiff's testimony was credible; and (2) plaintiff was capable of performing his past work. Because neither of plaintiff's arguments has merit, the court affirms the Commissioner's final decision.

### A.    The ALJ Made a Proper Credibility Determination

First, plaintiff argues that the ALJ erred in reaching her credibility determination. Contrary to plaintiff's contentions, the ALJ followed the proper procedure and considered a variety of factors in evaluating plaintiff's credibility. See 20 C.F.R. § 416.929(c). She considered the objective medical evidence, plaintiff's work and daily activities, his treatment history, the location, duration, frequency, and intensity of his symptoms, and aggravating and precipitating factors of those symptoms. Each of these factors supported the ALJ's conclusion that plaintiff's subjective complaints were not credible.

Considering the objective medical evidence, the ALJ determined that no "abnormal medical testing" or "severe physical findings" existed that would support a finding of disability. The ALJ also considered in this light the medical expert's testimony, which concluded that plaintiff could perform medium work. Next, the ALJ assessed plaintiff's daily activities, which according to his testimony included cleaning, visiting family, doing errands twice weekly, and taking public transportation. Further, the ALJ considered plaintiff's treatment history and determined that, because plaintiff did not have a regular doctor, did not have consistent treatment, and did not refill the medications prescribed to him, "the medical record does not establish treatment history." The ALJ also examined plaintiff's symptoms and their aggravating and precipitating factors. For example, she noted that the medical expert had found that plaintiff suffered from "physiologic dizziness," which corrects itself when the patient stands up, not vertigo, a more serious condition that involves middle ear disturbance, of which there was no evidence. Finally, the ALJ assessed plaintiff's other medical complaints, finding that plaintiff had not been diagnosed with a neurological impairment, nor had plaintiff received psychiatric or psychological testing for his alleged memory difficulty and forgetfulness.

Plaintiff argues that the ALJ failed to explain why she rejected or did not consider other evidence, such as plaintiff's alleged obesity (he is five feet seven inches tall and weighs 210 pounds) and allegations of limitations in basic daily activities, but this argument misses the mark. An ALJ is not required to discuss every piece of evidence. Rather, she needed only "articulate, at some minimum level, [her] analysis of the record so that the reviewing court can follow [her] reasoning." Johnansen v. Barnhart, 314 F.3d 283, 287 (7th Cir. 2002). "Because the ALJ is in the best position to observe witnesses, [the court] will not disturb her credibility

determinations as long as they find some support in the record." Dixon v. Massanari, 270 F.3d 1171, 1178-79 (7th Cir. 2001). Because the ALJ more than sufficiently articulated her reasoning and analysis of the record, the court will not disturb her determination that plaintiff's testimony was not credible.

**B.** **The ALJ Properly Determined That Plaintiff Was Capable of Performing His Past Work**

Plaintiff also argues that the ALJ did not perform the proper analysis for determining whether plaintiff was capable of returning to his past work as medical transport driver, home health care worker, and cab driver (all classified as "medium" level work). Plaintiff claims that because the ALJ ignored his allegations that his condition had worsened since he performed his previous jobs, she could not have properly determined whether he was currently capable of performing those jobs. But although plaintiff is correct that the ALJ did not frame her analysis in terms of whether plaintiff's condition had worsened, she was not required to do so. The ALJ was required to assess plaintiff's capacity to perform his past relevant work, a task she successfully completed by comparing plaintiff's current residual functional capacity to the demands of his previous jobs. See 20 C.F.R. § 416.920(a)(4)(iv).

In addition, plaintiff argues that the ALJ violated SSR 82-62 by failing to discuss the particular demands of each of these jobs. SSR 82-62 requires the ALJ to obtain a detailed description of a claimant's past work, which the ALJ accomplished by inquiring into plaintiff's past work. During the hearing, she asked the vocational expert a hypothetical question incorporating all of plaintiff's residual functional capacity limitations. In response, the vocational expert testified that plaintiff could perform all of his past relevant work.

SSR 82-62 also requires that the ALJ "develop[] and explain[] fully" her decision as to whether the claimant can perform past work, and here, the ALJ sufficiently developed and

explained her determination that plaintiff could perform his past work.  As plaintiff correctly argues, an ALJ may not summarily conclude that because a claimant can perform work at a certain level, he can perform all past work at that level.  Nolen v. Sullivan, 939 F.2d 516 (7th Cir. 1991); Strittmatter v. Schweiker, 729 F.2d 507 (7th Cir. 1984). For example, the Seventh Circuit has explained that an ALJ cannot describe prior jobs in a generic term like "sedentary," and thus conclude that the claimant can perform all sedentary jobs.  Cohen v. Astrue, 258 Fed. App'x 20 (7th Cir. 2007), citing Smith v. Barnhart, 388 F.3d 251, 252-53 (7th Cir. 2004).  In the instant case, however, the ALJ was presented with significantly more evidence than a mere assertion that the demands of plaintiff's previous work were "medium."

At the hearing, the vocational expert testified that plaintiff's former jobs as a medical transport driver and cab driver required "low-end semi-skilled, medium level" work and that his former job as a home care worker demanded "unskilled, medium level" work.  The vocational expert further testified, in response to the hypothetical the ALJ posed, that an individual with plaintiff's limitations would be able to perform plaintiff's past relevant work.  Testimony from a vocational expert constitutes substantial evidence to support an ALJ's decision, Jens v. Barnhart, 347 F.3d 209, 213 (7th Cir. 2003); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000), and the ALJ was thus entitled to credit this testimony in determining that plaintiff could perform his past work.  In addition, plaintiff's testimony provided the ALJ with further information about the previous jobs; for example, plaintiff testified that he lifted no more than 20 pounds when he worked as a home health care worker and no more than 30 pounds as a cab driver.

Moreover, plaintiff—who bears the burden of proving that he cannot perform his past relevant work—has not pointed to any specific requirements posed by his past jobs that are

inconsistent with the ALJ's determination because he would no longer be able to perform them. Instead, plaintiff alleges generally that he cannot perform "the lifting, standing, and walking required of jobs at the medium exertional level" and that his various physical ailments have grown worse since he performed his past jobs. These vague assertions do not indicate that plaintiff was incapable of performing specific tasks that his previous jobs demanded. To demand a more thorough opinion from the ALJ, when plaintiff has failed to meet his burden of proof, would result in the sort of "nitpicking" that courts are instructed not to undertake in reviewing the ALJ's determinations. Shramek v. Apfel, 226 F.3d 809, 811 (7th Cir. 2000), quoting Johnson v. Apfel, 189 F.3d 561, 564 (7th Cir. 1999).

## CONCLUSION

For the foregoing reasons, the court affirms the final decision of the Social Security Commissioner. Defendant's motion for summary judgment is granted, and plaintiff's motion for summary judgment is denied.

**ENTER:**       **January 25, 2011**

**Robert W. Gettleman**
**United States District Judge**